# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QOSMOS TECH,<br><br>                        Movant,<br><br>    v.<br><br>KEYSIGHT TECHNOLOGIES, INC. and IXIA,<br><br>                        Respondents. | Misc. Action No. _____<br><br>Related to Civil Action No. 2:17-cv-00383-HCM-LRL (Pending in the U.S. District Court for the Eastern District of Virginia) |

## NON-PARTY QOSMOS TECH'S MOTION TO QUASH SUBPOENA

Pursuant to Federal Rule of Civil Procedure 45(d)(3), Petitioner Qosmos Tech ("Qosmos"), by and through its undersigned counsel, moves to quash the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action directed to Qosmos Tech ("Subpoena") issued by Respondents Keysight Technologies, Inc. and IXIA (collectively "Respondents"). Because the Subpoena was never properly served on Qosmos Tech, requires compliance outside of 100 miles from where Qosmos Tech is located, and requires the production of confidential information and is unduly burdensome, the Subpoena should be quashed.

**I.    BACKGROUND**

On March 30, 2018, Respondents caused the District Court for the Eastern District of Virginia to issue a Rule 45 subpoena requiring the production of documents. Affidavit of Jerome Arpin-Pont ("Arpin-Pont Aff."), Ex. 1 at 1. The place for producing the foregoing documents is First Legal Records c/o Parcels, Inc., 230 N. Market Street, Wilmington, DE 19801. *Id.* The litigation to which the Subpoena was issued is a patent litigation captioned *Centripetal Networks, Inc. v. Keysight Technologies Inc. et al.*, No. 2:17-cv-383 (E.D. Va.) (the "Patent Case"). *Id.*

Qosmos Tech is a French software company that supplies IP traffic classification and network intelligence software. Arpin-Pont Aff. ¶ 3. Qosmos Tech's principal place of business is in Immeuble Le Cardinet, 8 rue Bernard Buffet, 75017 Paris, France. Arpin-Pont Aff. ¶ 4. Qosmos Tech does not have any offices in the United States, is not registered to do business in Delaware, and does not regularly transact business in Delaware. Arpin-Pont Aff. ¶ 5. Qosmos Tech does not have any employees in Delaware or any officers or directors who reside in Delaware. Arpin-Pont Aff. ¶ 6.

The Subpoena was directed to "Qosmos Tech c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808." Arpin-Pont Aff. Ex. 1 at 1. Corporation Service Company ("CSC") is not a registered agent of Qosmos Tech., but it was the registered agent for Qosmos Inc. Arpin-Pont Aff. ¶ 9 & Ex. 2. Qosmos Inc. was registered to do business in Delaware, but was dissolved as of August 25, 2017. Arpin-Pont Aff. ¶ 8 & Ex. 3. Qosmos Inc. was a wholly-owned subsidiary of Qosmos Tech, but it was not an agent for Qosmos Tech. Arpin-Pont Aff. ¶¶ 7-9.

The Subpoena was served to CSC on April 2, 2018. Arpin-Pont Aff. ¶ 13 & Ex. 4. As noted in the Notice of Service of Process ("Notice") provided by CSC, the entity that CSC provided the Notice to is "Qosmos Inc.," not Qosmos Tech. *Id.* Qosmos Tech did not receive the Notice until April 11, 2018 from Axelia Partners, which is an accounting firm of Qosmos Tech. *Id.* Axelia Partners was the secretary of Qosmos Inc. and the primary contact for Qosmos Inc. for purposes of Qosmos Inc.'s registered agent, CSC. *Id.*

The Subpoena seeks eleven broad categories of documents. *See* Arpin-Pont Aff. Ex. 1, Exhibit A at 7-9. Most of the requests seek documents prior to April 17, 2015 with no further temporal limitation, *id.*, and appear to be focused on prior art relating to patents asserted in the Patent Case.

## II. ARGUMENT

Federal Rule of Civil Procedure 45(d)(3) governs motions to quash or modify a subpoena. A court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A). "A court may also quash or modify a subpoena if the subpoena requires 'disclosing a trade secret or other confidential research, development, or commercial information.'" *Verisign, Inc. v. XYZ.com, LLC*, No. CV 15-MC-175-RGA-MPT, 2015 WL 7960976, at *1 (D. Del. Dec. 4, 2015) (quoting Fed. R. Civ. P. 45(d)(3)(B)).

### A. The Subpoena Has Not Been Personally Served on Qosmos Tech

"Service of a subpoena requires delivering a copy to the named person. . . ." Fed. R. Civ. P. 45(b)(1); *see also Ricoh Co. v. Oki Data Corp.*, C.A. No. 09-694-SLR, 2011 WL 3563142, at *4 (D. Del. Aug. 15, 2011) ("[T]he District of Delaware leans towards the majority rule of personal service as the required mode of proper service."); *see also Kabbaj v. Simpson*, C.A. No. 12-1322-RGA-MPT, 2013 WL 867751, at *4 (D. Del. Mar. 7, 2013). Further, service of a subpoena on a foreign corporation's U.S. subsidiary is insufficient for proper service. *Fujikura Ltd. v. Finisar Corp.*, No. 15MC80110HRLJSC, 2015 WL 5782351, at *6 (N.D. Cal. Oct. 5, 2015).

Here, Qosmos Tech was never personally served. The Respondents allegedly served the Subpoena on Qosmos Tech through CSC, a purported registered agent of Qosmos Inc. Arpin-Pont Aff. Ex. 1; Arpin-Pont Aff. Ex. 2. Neither CSC, nor Qosmos Inc., however, are agents of Qosmos Tech or are authorized to accept service on Qosmos Tech's behalf. Arpin-Pont Aff.

¶ 9.  Qosmos Tech only learned of the Subpoena because (1) it received the Notice and Subpoena from Axelia Partners, which is Qosmos Tech's accounting firm; (2) Axelia Partners was a secretary of Qosmos Inc. and point of contact for CSC (but not an agent for Qosmos Tech); and (3) CSC received the subpoena as the registered agent of *Qosmos Inc.*, not Qosmos Tech.  Arpin-Pont Aff. ¶ 13.  None of those steps constitute personal service on Qosmos Tech.  Thus, Qosmos Tech has never been served with the Subpoena, and as such, the Subpoena should be quashed on this basis alone.

Further, Respondents should not be permitted to seek discovery from a French corporation through a subpoena that avoids the processes of the Hague Convention.  *Fujikara*, 2015 WL 5782351, at *7 (the party's attempt to seek discovery from a Japanese company based on a subpoena issued to its U.S. subsidiary was "in direct contravention of the evidentiary treaty between" the U.S. and Japan); *see also Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 233 F.R.D. 143, 146 (D. Del. 2005) ("Power Integrations may apply the processes of the Hague Convention to subpoena LGE–Korea, the party with actual possession and control over the documents Power Integrations seeks.").  In *Fujikara*, the Court held that the subpoenaing party "cannot skirt the[] rules merely be serving a subsidiary of a foreign parent corporation on U.S. soil," as such an action would render the treaty between the U.S. and Japan, "and for the Hague Convention, for countries that are signatories thereto . . . entire toothless for a large number of global companies with U.S. subsidiaries."  *Fujikara*, 2015 WL 5782351, at *7.

Here, like in *Fujikara*, Respondents improperly sought to avoid serving discovery on the foreign corporation Qosmos Tech, and instead served a subpoena on Qosmos Tech's U.S. subsidiary, Qosmos Inc.  Qosmos Inc. is not an agent of Qosmos Tech, Arpin-Pont Aff. ¶ 9, and Qosmos Inc. and Qosmos Tech are separate legal entities.  *See Power Integrations, Inc.*, 233 F.R.D. at 145.  Thus, like in *Power Integrations, Inc.*, Respondents should "apply the processes

of the Hague Convention to subpoena [Qosmos Tech], the party with actual possession and control over the documents [Respondents] seek[]." *Id.* at 146. The Subpoena should therefore be quashed because Qosmos Tech was never personally served.

> **B.  The Subpoena Requires Compliance Outside of 100 Miles from Qosmos Tech's Principal Place of Business**

In addition, Rule 45(c)(2)(A) provides that a subpoena "may command production of documents . . . within 100 miles of where the person resides, is employed, or regularly transact business in person." Fed. R. Civ. P. 45(c)(2)(A). A court, however, "*must* quash a subpoena" that "requires a person to comply beyond the geographical limits specified in Rule 45(c)." Fed. R. Civ. P. 45(d)(3)(A)(ii) (emphasis added). Thus, in order for the Subpoena seeking documents to be valid, the Court must determine if Qosmos Tech retains "any employee or other legal representative (e.g., the agent for service of process) located within this court's jurisdiction who possesses a sufficient degree of control over corporate documents maintained outside the court's jurisdiction to make it appropriate to enforce the production subpoena." *Tele Draulic, Inc. v. Hetronic Int'l, Inc.*, No. 16-mc-109-SLR, 2016 WL 3606775, at *3 (D. Del. June 30, 2016) (quashing a subpoena where respondent "has not introduced any evidence that the [petitioner] has an employee or legal representative located within the Court's jurisdiction").

Here, as discussed above, Qosmos Tech: (1) does not have any offices in Delaware, (2) does not regularly transact business in Delaware, and (3) does not have any employees, officers, or directors located within Delaware. Arpin-Pont Aff. ¶¶ 5-6. Qosmos Tech's principal place of business is in Paris, France, Arpin-Pont Aff., ¶ 4, which is neither in Delaware nor within a 100-mile range of Wilmington, Delaware, the place for producing documents pursuant to the Subpoena, Arpin-Pont Aff. Ex. 1 at 1. Further, as discussed above, neither Qosmos Inc. nor CSC are agents of Qosmos Tech. Arpin-Pont Aff., ¶ 9. Given that there is no evidence that

there is any agent of Qosmos Tech that is subject to the 100-mile limit in the Subpoena, the Subpoena should be quashed.  *See Tele Draulic, Inc.*, 2016 WL 3606775, at *3.

### C. The Subpoena Seeks Confidential Information and Is Unduly Burdensome.

In addition to the aforementioned defects in the Subpoena, each of which is a sufficient basis to quash the Subpoena, the Subpoena should be quashed because it is unduly burdensome and seeks sensitive confidential information of Qosmos Tech.  The Court must quash a subpoena that "subjects a person to undue burden."  Fed. R. Civ. P. 45(d)(3)(A).  The Court may also quash a subpoena that requires "disclosing a trade secret or other confidential research, development, or commercial information."  Fed. R. Civ. P. 45(d)(3)(B).

The Subpoena seeks eleven broad categories of documents.  *See* Arpin-Pont Aff. Ex. 1, Exhibit A at 7-9.  Qosmos Tech objects to the Subpoena as seeking sensitive, confidential commercial information of Qosmos Tech.  Specifically, for example, the requests seek "[i]nvoices and/or sales records for" Qosmos Tech's ixEngine and Signatures software "prior to April 17, 2015."  *Id.* at 7-8 (request numbers 1 and 6).  Documents responsive to this request would require Qosmos Tech to disclose confidential commercial information of Qosmos Tech containing the names of Qosmos Tech's customers and corresponding prices.  Arpin-Pont Aff. ¶ 10.  Disclosure of such information, and to former customers such as Respondents, would competitively harm Qosmos Tech if disclosed.  It is Respondents' burden to show that such information is relevant to the Patent Case, and that Respondents' need for such confidential information outweighs the adverse effects disclosure would have on Qosmos Tech.  *Mannington Mills, Inc. v. Armstrong World Indus., Inc.*, 206 F.R.D. 525, 529 (D. Del. 2002); *see also Taro Pharm. U.S.A., Inc. v. Perrigo Israel Pharm. Ltd.*, C.A. No. 14-989-RGA, 2015 WL 7737310, at *3 (D. Del. Dec. 1, 2015).  It is unclear what relevance Qosmos Tech's confidential information regarding its customers and prices for Qosmos Tech's software has on the underlying Patent

Case, and whether such information is even necessary.  To the extent Respondents are seeking information about prior art for the patents at suit, such information can be obtained through more narrowly tailored requests that would not implicate the confidential information of Qosmos Tech.

Further, most of the requests seek documents prior to April 17, 2015, and appear to be focused on prior art relating to one of four patents asserted in the Patent Case.  *See, e.g.*, Arpin-Pont Aff. Ex. 1, Exhibit A at 7-8 (request numbers 1-3, 5-8, and 10 seeking documents through April 17, 2015).  Such requests are unduly burdensome in that they seek documents with only a minor temporal time limit.  The Subpoena should therefore be quashed.

### III. CONCLUSION

For the foregoing reasons, the Subpoena issued to Qosmos Tech should be quashed.

DATED:  April 30, 2018

*Of Counsel:*

R. Tyler Goodwyn IV
DENTONS US LLP
1900 K Street, NW
Washington, DC  20006
Tel: 202-496-7500
tyler.goodwyn@dentons.com

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Karen L. Pascale*
_____
Karen L. Pascale (#2903)
Robert M. Vrana (# 5666)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
(302) 571-6600
kpascale@ycst.com
rvrana@ycst.com

*Counsel for Non-Party Qosmos Tech*

## **CERTIFICATE OF SERVICE**

I, Karen L. Pascale, Esquire, hereby certify that on April 30, 2018, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, and in addition caused true and correct copies of the foregoing document to be served upon the following counsel in the manner indicated:

*For Respondents, Keysight Technologies, Inc. and IXIA:*

| | |
|---|---|
| James A. Daire<br>**REED SMITH LLP**<br>101 Second St., Suite 1800<br>San Francisco, CA 94105 | jdaire@reedsmith.com |

April 30, 2018

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Karen L. Pascale*
_____
Karen L. Pascale (#2903) *[kpascale@ycst.com]*
Rodney Square
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600
*Attorneys for Non-Party Qosmos Tech*