# EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| CENTRIPETAL NETWORKS, INC.<br>*Plaintiff*<br>v.<br>KEYSIGHT TECHNOLOGIES, INC., and IXIA<br>*Defendant* | )<br>)<br>)  Civil Action No. 2:17cv383<br>)<br>)<br>) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Qosmos Tech c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
SEE EXHIBIT A ATTACHED

| Place: First Legal Records c/o Parcels, Inc.<br>230 N. Market Streeet<br>Wilmington, DE 19801 | Date and Time:<br>April 30, 2018. 9:00 AM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: March 30, 2018

*CLERK OF COURT*

OR  /s/ J.A.D.

*Signature of Clerk or Deputy Clerk*    *Attorney's signature*
James A. Daire

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Keysight Technologies, Inc. and IXIA                     , who issues or requests this subpoena, are:
James A. Daire, jdaire@reedsmith.com, Reed Smith LLP, 101 2nd Street, Suite 1800, San Francisco, CA 94105; 415.543.8700

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:17cv383

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:



AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

American LegalNet, Inc.
www.FormsWorkFlow.com

## EXHIBIT A

Pursuant to Federal Rule of Civil Procedure 45, Defendants Keysight Technologies, Inc. ("Keysight") and Ixia, (collectively, "Defendants") hereby request that Qosmos Tech produce and permit Defendants to inspect and copy any and all Documents described below which it possesses or has access to, custody of, or control over, with said production, inspection and copying to take place at the location identified on the subpoena no later than fourteen days after service of this document. Defendants further request that such production and inspection proceed in accordance with the Definitions and Instructions set forth below.

## DEFINITIONS

Notwithstanding any definition below, each word, term, or phrase used in this subpoena is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in this subpoena, the following terms have the following:

1. The term "Ixia" means Defendant Ixia.
2. The term "Keysight" means Defendant Keysight Technologies, Inc.
3. The term "Plaintiff" or "Centripetal" means Centripetal Networks, Inc. and its predecessors, successors, subsidiaries, divisions, parents, and/or affiliates thereof, past or present officers, directors, affiliates, agents, employees, consultants, accountants, attorneys, representatives, and any other person or entity acting on behalf of any of the foregoing.
4. The term "You" or "Your" means Qosmos Tech and Qosmos Tech's predecessors, successors, subsidiaries, divisions, parents, and/or affiliates thereof, past or present officers, directors, affiliates, agents, employees, consultants, accountants, attorneys, representatives, and any other person or entity acting on behalf of any of the foregoing.

5. The term "Person(s)," or "Individual(s)" shall mean and include any natural person or persons, a group of natural persons acting as individuals, a group of natural persons acting in a collegial capacity (e.g., as a committee, board of directors, etc.), a corporation, entity, partnership, joint venture, any other incorporated or unincorporated association, business, or enterprise, and any governmental agency or entity.

6. The terms "document", "Document", "Documents" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" in Fed. R. Civ. P. 34(a) and includes the term "writing" and shall be construed to mean, without limitation, any written, printed, typed, stored, photostatted, photographed, recorded, or otherwise reproduced communication, compilation, or reproduction, including computer or electronically generated or stored information or data, whether privileged is asserted over them or not. The term "document" also specifically includes all forms of electronic data. Unless the producing party demonstrates undue burden or other grounds sufficient to meet the requirements of Fed. R. Civ. P. 26(c), electronic mail is included within the definition of the term "document." The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001. A draft non-identical copy is a separate document within the meaning of the term "document."

7. When referring to documents, to "identify" means to state the (i) type of document; (ii) general subject matter; (iii) date of the document; (iv) author(s), addressee(s), and recipient(s), or, alternatively, to produce the document.

8. The term "Communication" means, without limitation, documents evidencing any verbal or nonverbal interaction and/or transmission and/or exchange between Persons.

9. The terms "Relating to", "relate to", "concerning" shall mean alluding to, responding to, concerning, connected with, commenting on, in respect of, about, regarding, discussing, evidencing, memorializing, reviewing, reporting, showing, describing, reflecting, analyzing, stating, dealing with, in any way pertaining to, and/or constituting.

10. The terms "Referring to" or "refer to" requests all information which explicitly or implicitly refer to, or could be reasonably construed to refer to, the subject matter of the.

11. The singular shall include the plural, and the plural shall include the singular.

12. The term "All" means "any and all" "any" means "any and all." "Including" means "including but not limited to." The terms "and" and "or" shall be construed either disjunctively or conjunctively, and the singular shall be deemed to include the plural and vice versa, as necessary to bring within the scope of the discovery request any information or documents which might otherwise be construed to be outside of its scope. Words in the masculine, feminine, or neutral form shall include each of the other genders.

13. The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

14. The term "'370 Patent" refers to U.S. Patent No. 9,264,370.

15. The term "'205 Patent" refers to U.S. Patent No. 9,137,205.

16. The term "'077 Patent" refers to U.S. Patent No. 9,560,077.

17. The term "'722 Patent" refers to U.S. Patent No. 9, 413,722.

18. The term "Asserted Patents" means the '370 Patent, '205 Patent, '077 Patent, and '722 Patent.

19. The term "related patents and applications" means all applications continuations, divisions, continuations-in-part, provisional applications, foreign counterpart applications, reissues, reexaminations, extensions, or improvements to any of the Asserted Patents.

20. The term "custody" shall include actual or constructive possession or custody, and includes things that are in the possession of an agent.

21. The term "control" when used in reference to a requested document or thing means legal right, authority, or ability to obtain or access the requested document or thing.

22. The term "date" means the exact day, month, and year, if ascertainable, or if not, the best approximation thereof (identified as an approximation).

23. The term "describe" means to provide a detailed narrative account of the subject matter.

24. The terms "device," "process," and "device/process" include processes, machines, manufactures, compositions of matter, combinations, materials, apparatuses, articles, commodities, structures, methods, steps, acts, services and components or portions thereof.

25. The term "possession" shall include actual or constructive possession or custody.

26. The term "prior art" shall mean all publications, patents, physical specimens, uses, sales, offers for sale, or other activities relating to the subject matter of the Asserted Patents and having or occurring at a date such as to be potentially relevant under any subsection of 35 U.S.C. §§ 102 or 103.

27. The terms "this lawsuit," "this litigation," and "this case" refer to the pending litigation, *Centripetal Networks, Inc. v. Keysight et al.*, No.2:17cv383/HCM-LRL, pending in the United States District Court for the Eastern District of Virginia, Norfolk Division.

28. The term "Product1" means Qosmos ixEngine.

29. The term "Product2" means Qosmos Signatures.

## INSTRUCTIONS

1. The subpoena also requires you to produce all responsive documents that are in your actual or constructive possession, custody, or control, or the actual or constructive possession, custody, or control of your attorneys, accountants, representatives, consultants, agents, employees, or anyone else acting on your behalf, including any documents stored by electronic means.

2. Documents should be produced in the same file or other organizational environment in which they are maintained, as required by Fed. R. Civ. P. 34. For example, a document that is part of a file, docket, or other grouping should be physically produced together with all other documents from said file, docket, or grouping responsive to said request, in the same order or manner of arrangement as the original. Additionally, a document should be produced stapled, clipped, or otherwise bound or connected in the same manner as the original.

3. In the event that multiple copies of a document exist, produce every copy on which appear any notations or markings of any sort not appearing on any other copy.

4. No document category specified herein is intended to, or shall, supersede, exclude, or restrict the scope of any other category.

5. This Exhibit A applies to all Documents or things in Your possession, custody, or control, regardless of their location and regardless of whether such documents or things are held by Your agents, employees, representatives, attorneys, accountants, or any other Person or entity. You are requested to make a diligent search of Your records or other papers and materials in possession to the extent necessary to provide responsive documents or things.

6. The obligation to produce the Documents requested herein is of a continuing nature; if, at any time after compliance with these requests, You should acquire possession, custody, or control of any additional documents coming within the scope of any category of the requests, You are requested to furnish such documents.

7. If any portion of a Document or tangible thing is responsive to a request, the entire Document or tangible thing shall be produced, redacting only privileged material, if any.

8. You are to produce the original and each non-identical copy of each Document or tangible Thing requested herein which is in Your possession, custody or control.

9. Documents produced pursuant to these requests shall be produced in the original files and shall not be shuffled or otherwise rearranged. Documents which were stapled, clipped or otherwise fastened together shall be produced in that form.

10. Tangible things produced pursuant to these requests shall be produced in their present form and shall not be changed or modified in any way.

11. If you object to any document request, produce all documents to which your objection does not apply.

12. Should you withhold any documents responsive to these requests, you are requested to state the basis for withholding the documents in a manner sufficient to enable Defendants and the Court to adjudicate the validity of your withholding, including, in the case of any documents withheld on the grounds of privilege or work product, the following information for each document:

    a. the request to which the document is responsive;

    b. the title of the document;

    c.      the date appearing on the document, and if no date appears thereon, so state and give the date, or approximate date, on which the document was prepared;

    d.      the type or general nature of the document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.);

    e.      the name, title, and company affiliation of the person who prepared the document;

    f.      the name, title, and company affiliation of the person who signed the document;

    g.      the name, title, and company affiliation of each person to whom the document was disclosed, including the person or persons to whom it was addressed and the person or persons to whom the document, or copies of the document, were sent;

    h.      the name, title, and company affiliation of the person or persons who maintain custody of the document; and

    i.      the general subject matter of the document and the basis for withholding the document, in a manner sufficient for the issuing party and the Court to determine the validity of your claim of privilege and/or work product.

    13.      If, in responding to this subpoena, you claim any ambiguity in a document request or an applicable definition or instruction, identify in your response the language you consider ambiguous and state the interpretation you are using in responding.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Invoices and/or sales records for the Product1 prior to April 17, 2015.

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to show offers to sell the Product1 prior to April 17, 2015.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to show any uses of the Product1 prior to April 17, 2015.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to show when the Product1 was first made.

**REQUEST FOR PRODUCTION NO. 5:**

Documents sufficient to show operation of the Product1 prior to April 17, 2015, including but not limited to system administration guides, data sheets, specification sheets, installation guides, installation manuals, trouble shooting guides, user guides, user manuals, operator manuals.

**REQUEST FOR PRODUCTION NO. 6:**

Invoices and/or sales records for the Product2 prior to April 17, 2015.

**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to show offers to sell the Product2 prior to April 17, 2015.

**REQUEST FOR PRODUCTION NO. 8:**

Documents sufficient to show any uses of the Product2 prior to April 17, 2015.

**REQUEST FOR PRODUCTION NO. 9:**

Documents sufficient to show when the Product2 was first made.

**REQUEST FOR PRODUCTION NO. 10:**

Documents sufficient to show operation of the Product2 prior to April 17, 2015, including but not limited to system administration guides, data sheets, specification sheets,

installation guides, installation manuals, trouble shooting guides, user guides, user manuals, operator manuals.

## REQUEST FOR PRODUCTION NO. 11:

All non-privileged Documents relating to any prior art search for any of the Asserted Patents, including any actual prior art found as result of such search.

# DECLARATION OF CUSTODIAN OF RECORDS

Regarding: **PRODUCTS** _____

SS# _____

DOB or other ID# _____   Our File # **78280-04** _____

I am duly authorized as Custodian of Records (or other qualified witness) with the authority to certify records for:

        **QOSMOS TECH c/o CORPORATION SERVICE COMPANY**
        **251 Little Falls Drive**
        **Wilmington, DE**

**CERTIFICATION OF RECORDS COPIED** (Custodian's initials _____)

    Including this declaration, all documents, records, and other things called for in the Subpoena Duces Tecum or Authorization which are in my custody have been photocopied at my office, in my presence, under my direction and control: and the copy submitted with declaration is a true copy thereof.

    To the best of my knowledge all records referred to above were prepared or compiled by the personnel of the above named business, in the ordinary course of business, at or near the time of the acts, conditions, or events recorded.

    No documents, records, or other things have been withheld in order to avoid their being photocopied.

    Certain records were omitted because _____

_____

_____

**CERTIFICATION OF NO RECORDS** (Custodian's initials _____)

    A thorough search of the business revealed no records described in the attached subpoena or authorization for the following reason(s):

    __ Patient was never treated at this facility
    __ Records were destroyed
    __ Records were lost/misplaced
    __ Records purged/nothing found
    __ Storage facilities were searched and no records found
    __ Radiological Film/Images were:  __ lost  __ destroyed  __ not taken at this facility  __ patient has them
    __ Billing records were: __ purged  __ not kept because this is a prepaid health plan
    __ This person was never employed at this facility
    __ Other comments:

_____

_____

_____

    This certification is limited to the information supplied to me in the attached document:  records may exist under another name, another spelling, or other identifying data.

**CUSTODIAN SIGNATURE**
I DECLARE under penalty of perjury the foregoing is true and correct.

Executed on _____   at   _____ , _____
                                                                                                                  *State to be filled in by Custodian*

Print Name _____   Signed _____

Phone # _____

Order#: 78280-04/CPROOF59